Burkett v. Stake et ----------------- 18764
Cronin v. Green --------------------- 18760
Oakley Lumb. Co. v. Slane Co.-------- 18761
Fullerton et v. Jenkins ------------- 18759
Penna. Rd. Co. v. P. U. C.---------- 18763
Taylor v. Hydell ------------------- 18762

### Aug. 15

18759—Robert T. Fullerton et al v. John Jenkins; motion to direct Logan Appeals to certify record. Miller and Middleton, Bellefontaine, for plaintiff; West & Campbell, Bellefontaine, for defendant.

18760—John L. Cronin v. L. A. Green; motion to direct Ross Appeals to certify record. Minshall & Phillips, Chillicothe, for plaintiff; W. G. Hyde and L. B. Yaple. Chillicothe, for defendant.

### Aug. 16

18761—Oakley Lumber Co. v. J. L. Slane et al; motion to direct Hamilton Appeals to certify record. Kelley & Reinke, Cincinnati, for plaintiff. Phineas Phillips, Cincinnati, for defendants.

18762—James Taylor v. Paul W. Hydell. motion to direct Ross Appeals to certify record. W. W. Boulger, Chillicothe, for plaintiff; Minshall & Phillips, Chillicothe, for defendant.

### Aug. 18

18763—Pennsylvania Railroad Co. v. Public Utilities Commission; error to Public Utilities Commission. Henderson & Burr, S. B. Randall, for plaintiff; C. C. Crabbe, J. W. Bricker, Cincinnati, for defendant.

### Aug. 21

18764—Edward L. Burkett et al v. Homer Stake et al; motion to direct Summit Appeals to certify record. Mottinger and Evans, Akron, for plaintiff; Treadway and Marlatt, Cleveland, for defendant.

# Weekly Abstract Of Pending Cases

The following statements were prepared by our editors from the recitals appearing in the papers filed in the Supreme Court, or they have been written and sent us by the attorney or attorneys bringing the case.

DAYTON (City) v. PUB. UTIL. COM.
No. 18471 Pending. Ohio. Supreme Court
Docketed Aug. 2, 1924, 2 Abs. 848.

There is pending before the Public Utilities Commission a case to fix telephone rates in the City of Dayton, commenced prior to April 14, 1923, and still undetermined. The rates prevailing in Dayton were fixed by order of the Public Utilities Commission, and under Sec. 614-23 GC can be changed only by another order after a hearing. By the amendment of Section 614-20, passed April 14, 1923, provision is made for the change of rates fixed by order of the Commission by the filing of schedules. The Ohio Bell Telephone Company, under favor of this amendment, has filed a new schedule which has gone into effect after suspension of one hundred and twenty days, under a bond to repay the excess if the rates shall finally be found to be excessive. The error proceeding brings up for review the orders made by the Commission with reference to this schedule, putting same into effect under bond and is expected to determine the legal status of the schedule as filed.

Attorneys—W. C. McConnaughey and J. B. Harshman, City Atty., Dayton, for the City; C. C. Crabbe, Atty. Gen., and J. W. Bricker, Columbus, for Commission.

No. 505
OHIO CASUALTY INS. CO. v. LONG, Aud.
No. 18715. In the Supreme Court on motion to certify and also on petition in error.
Docketed July 18, 1924. 2 Abs. 468
TAXATION—Is a reinsurance fund, a "debt" to be deducted from "credits."

The Ohio Casualty Insurance Co., located at Hamilton, Ohio, being a domestic corporation, is required by 5404 GC. to list for taxation its property and "credits." 5327 GC. defines credits as the excess of legal claims and demands above the sum of legal bona fide debts. 9590 GC. requires an insurance company to set forth in its statement of liabilities "the amount required for reinsurance." And other sections of the Ohio law refer to the reinsurance reserve of insurance companies as liabilities.

The question in this case is whether this reinsurance reserve is a debt within the meaning of 5327 GC.

In its return for taxation in 1923, the company deducted the amount of its unearned premium liability as a debt and returned the balance of its assets for taxation. The county auditor added the reserve to the assets subject to taxation, and upon a hearing before the State Tax Commission that body held that the reserve of an insurance company is subject to taxation. Thereupon the company brought its action in the Butler Common Pleas to enjoin a collection of the tax on the reserve. The Common Pleas held against the company and the Appeals affirmed the judgment of the Common Pleas. Thereupon the company made the motion in the Supreme Court to have the record certified.

The company also filed a petition in error, claiming a constitutional question. Art. XII.

XII, Sec. 2. Const., provides for the taxation, among other things, of "credits," and it is claimed that in this case therefore the interpretation of the word "credits" in this provision of the Constitution is involved in the case.

Attorneys—Vorys, Sater, Seymour & Pease, Columbus, for Ins. Co.; P. P. Boli, Pros. Atty., Hamilton, for Long.